## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| c/o United States Attorney's Office | ) | |
| Judiciary Center Building | ) | |
| 555 Fourth Street NW | ) | |
| Washington, D.C.  20530 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:20-cv-03007 |
| | ) | **UNDER SEAL** |
| v. | ) | |
| | ) | |
| $269,239.69 IN FUNDS SEIZED FROM | ) | |
| BANK OF AMERICA ACCOUNT NO. | ) | |
| XXXX5661, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO STAY CIVIL PROCEEDINGS PURSUANT TO 18 U.S.C. § 981(g)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for a stay in the above-captioned matter. In support of this motion, the government relies upon the points and authorities set out below and at any hearing on this matter.

## I.     INTRODUCTION

A stay pursuant to 18 U.S.C. § 981(g) is appropriate in this civil action, as the present action is inexorably linked to an ongoing criminal prosecution (case number 21-cr-661). In that matter, the defendants, Jeffrey Young-Bey and Martina Yolanda Jones, are alleged to have executed a real estate fraud scheme involving encumbering and/or selling at least two properties in the District of Columbia. The fraud scheme resulted in the defendants gaining the proceeds from the real estate sales for themselves, causing a loss to the true owners of the real properties, the

1

buyers of the real properties, and the title companies. These fraud proceeds constitute the property in this matter. Defendant Young-Bey will undoubtedly be amongst the claimants to the seized property. Moreover, the civil complaint alleges that the defendant property is evidence of their criminal conduct.  Allowing the present case to continue would create numerous adverse effects, primarily stemming from the civil discovery process. No protective order can be fashioned to avoid these pitfalls and still permit proper discovery and trial to occur.

## II.    BRIEF STATEMENT OF FACTS

On November 9, 2021, a grand jury in the District of Columbia returned an indictment charging the defendants with 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud); 18 U.S.C. § 1341 (Mail Fraud); and 18 U.S.C. § 1957 (Expenditure Money Laundering).  In addition, Defendant Young-Bey was charged with 18 U.S.C. § 1028A (Aggravated Identity Theft).  In support of these charges, the indictment alleged, among other things, that the defendants, Jeffrey Young-Bey and Martina Yolanda Jones, committed a fraud scheme involving encumbering and/or selling at least two properties in the District of Columbia, which they did not have the authority to encumber or sell.  Beginning in November 2019, Young-Bey identified target properties and then prepared and filed forged deeds with the District of Columbia's Recorder of Records ("DCROD") transferring the title to the properties from the true owners to First Democracy Mortgage Investors Group, Inc. ("FDMIG"), a  D.C. company owned and operated by Young-Bey, and "Upper Level Beauty Salon, LLC, [M.J.] Managing Member" (ULBS"), whose registered agent is Martina Yolanda Jones.  For at least one of the properties, Young-Bey obtained financing against the property and then coordinated the sale of the property to a third-party end-buyer.  Young-Bey

closed at least one of the real estate transactions at an unwitting real estate title company located in D.C.

The criminal matter is pending before Judge Cooper (21-CR-661).

## III.    DISCUSSION

### A.    Title 18, United States Code, Section 981(g) Mandates a Stay of a Civil Forfeiture Action, Where Civil Discovery Will Adversely Affect a Related Criminal Investigation or Prosecution

Courts "must grant" a stay in civil forfeiture actions, when there is a potential adverse effect upon a criminal investigation or prosecution. *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) (citing 18 U.S.C. § 981(g)(1)); *see also United States v. $1,699,675*, No. 1:13-cv-21459, 2014 WL 687553, *2 (S.D. Fla. Jan. 16, 2014) (statute provides for a "mandatory stay" where the government demonstrates an adverse effect); *United States v. 3039.375 Pounds of Copper Coins*, No. 1:08-cv-230, 2008 WL 4681779, *1-2 (W.D.N.C. Oct. 21, 2008) (entry of a stay is "automatic" if the government shows that civil discovery would adversely affect its ability to conduct a related criminal investigation); *United States v. All Funds on Deposit in Business Marketing Account*, 319 F. Supp. 2d 290 (E.D.N.Y. 2004) (approving stay of civil forfeiture case based on potential interference with pending criminal action).  Courts have found an adverse effect where the discovery process "would burden law enforcement officials who are otherwise conducting a contemporaneous criminal investigation" or would lead to the disclosure of confidential information, the government's criminal strategy, or otherwise undiscoverable evidence in the criminal process. *Funds on Deposit in Suntrust Account 8359*, 456 F. Supp. 2d at 66; *see also United States v. 6415 North Harrison Ave.*, No. 1:11–cv–00304, 2012 WL 4364076, at *3 (E.D. Cal. Sept. 21, 2012) (Section 981(g)

3

does "not require a particularized showing of prejudice or harm; rather all that the Court must determine is whether the civil discovery will interfere with the criminal investigation").  The potential for running afoul of Fifth Amendment self-incrimination issues is an additional adverse effect considered by courts.  *See United States v. $2,067,437.08*, 2008 WL 238514, at *6 (E.D.Tex. Jan. 28, 2008) ("Finally, continuation of the forfeiture proceeding may infringe upon [claimant's] right against self-incrimination.").

The potential for such adverse effects is present here because the operative facts and parties involved in this civil action are the same as those in the criminal prosecution, and thus, inherently related. Both matters involve the defendants' involvement in a real estate fraud scheme. The government will be required to prove nearly identical facts in its criminal case as it would in this civil action.  *See $2,067,437.08*, 2008 WL 238514, at *2 (holding risk of adverse effect on criminal case is clear where the government has to prove the same facts in the criminal and civil matters).

## B.    Civil Discovery Would Jeopardize the Related Criminal Prosecution

Section 981 sets a low threshold for the government to meet in order to show that discovery will create an adverse effect. *See United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011).  Specifically, "Section 981(g)(1) does not require a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation." *Id.* (citations omitted). "In fact, more specific disclosure of prejudice through detailed evidentiary support will only result in the very prejudice to the criminal proceeding that the Government seeks to avoid." *6415 North Harrison Ave.*, 2012 WL 4364076, at *3.  As such, courts have "routinely issued" stays on the basis of the government's allegations of likely prejudice to the related criminal investigation. *Id.* It is only in

4

the most extreme cases that courts will refuse a stay, such as when the related criminal cases had been terminated and the government fails to present "any evidence" that litigating the civil forfeiture would interfere with any "ongoing investigation or prosecution." *United States v. $463,497.72 in U.S. Currency From Best Bank Account*, 779 F. Supp. 2d 696, 712 (E.D. Mich. 2011); *see also United States v. Sum of $70,990,605*, 4 F.Supp.3d 209, 214-15 (D.D.C. 2014) (refusing a stay in favor of a protective order because the government offered "no evidence" of an adverse effect in terms of a Fifth Amendment problem or in conducting the criminal investigation).

Civil discovery would be especially damaging in this case, as its scope is far greater than criminal discovery. "Where civil discovery would subject the Government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *Suntrust Acc't No. 8359*, 456 F. Supp. 2d at 65 (quoting *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005); *see also 10 Table Bluff Rd.*, No. 06-5256, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007) ("civil discovery will likely adversely affect the ability of the Government to conduct the related criminal investigation because it will subject the Government's criminal investigation to broader and earlier discovery than would occur in a criminal proceeding"). Civil discovery would allow claimants and potential criminal defendants to use the civil trial as a "backdoor method to obtain discovery outside the scope of Fed. R. Crim. P. 16." *United States v. Contents of Nationwide Life Insurance Annuity Account No. 0961*, No. 1:05-0196, 2007 WL 682530, at *1 (S.D. Ohio March 1, 2007). Depositions would be required in the present case of the defendants and law enforcement personnel involved in the investigation, among others. Having depositions would allow the defendants to examine these witnesses, which would expose the government's

trial strategy and require witnesses to divulge sensitive information regarding the ongoing criminal prosecution. *See United States v. $247,052.54*, No. 05-4798, 2007 WL 2009799, at *2 (N.D. Cal. Mar. 1, 2007).

A stay is necessary even if the defendants allege that they will not engage in discovery. *See United States v. 2009 Dodge Challenger, VIN 2B3LJ44V49H561559*, No. 03:11-cv-328, 2011 WL 6000790, at *2 (D. Or. Nov. 30, 2011) (granting stay even though claimants stressed that they would not seek discovery, because the government would still "be compelled to compile and reveal information and evidence collected in support of its criminal investigation" in order to effectively oppose any dispositive motions). At a minimum, discovery will be necessary in this case concerning property records, financial records, and witness testimony. *See id.*; *$247,052.54*, 2007 WL 2009799, at *2 (holding that claimant's promise to forgo discovery was irrelevant because the government was entitled to conduct its own discovery that would be harmful to the criminal case). Thus, a stay is necessary in the present action to avert the pitfalls associated with civil discovery. *See United States v. All Funds on Deposit in Business Market Account No. 028-0942059-66*, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004) (finding that "the court is required to stay" a civil forfeiture, where the court is satisfied that information routinely ordered disclosed in civil discovery would compromise an ongoing criminal case).

A protective order is not viable as an alternative to a stay in this matter. The heart of the proof in this case involves discovery of the very issues in question in the related criminal prosecution.   Moreover, the same witnesses will be required to testify in both matters. Additionally, "because the discovery the Government desires in the forfeiture action would be harmful to the criminal prosecution, there is no practical way to proceed here [with a protective

order] without risking an adverse effect on the criminal case." *$247,052.54*, 2007 WL 2009799, at *3. At best, a narrow protective order would still leave open the possibility of disclosure of sensitive information; whereas, a broad protective order would overly limit the discovery process, which would foreclose a fair trial for either party. *See id.* at *2; *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1331 (D. Wyo. 2001).

**C.    The Claimant's Fifth Amendment Rights Are Harmed By Permitting This Action To Proceed**

The defendants are alleged to have engaged in illegal activity through a real estate fraud scheme.  As such, the defendants' Fifth Amendment rights are implicated in this action.  As part of civil discovery, the government would be authorized to depose the defendants. Proceeding with discovery would force them into the unfair position of having to choose between waiving their Fifth Amendment privilege, thereby revealing inculpatory information, or invoking the privilege, but with the knowledge that adverse inferences would be drawn in the civil actions. *Volmar Distributors, Inc. v. New York Post Co.,* 152 F.R.D. 36, 39-40 (S.D.N.Y. 1993); *see also $2,067,437.08*, 2008 WL 238514, at *6. "'Courts have long stayed civil forfeiture cases based upon [such] anticipatory discovery issues[.]'" *United States v. $177,844.68*, No. 2:13-civ-100, 2014 WL 4071054, at *5 (D. Nev. Aug. 15, 2014) (quoting *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001).  Further, because an indictment has been returned against the defendants on November 9, 2021, the defendants' and others' Fifth Amendment rights are implicated. *See Volmar*, 152 F.R.D. 36 (finding that a stay was necessary even for non-indicted defendants); *Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375–76 (D.C. Cir. 1980) (noting that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for

a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case").

## IV.    CONCLUSION

As detailed above, an indictment has been returned against the defendants. The continued litigation of this civil forfeiture case will adversely affect the ability of the government to prosecute the related criminal case against the defendants. Therefore, the government respectfully requests that this civil matter be stayed pending the resolution of the related criminal prosecution.

WHEREFORE, the government respectfully requests that government's motion for a stay be granted pending the resolution of the criminal prosecution against the defendants. A proposed order is attached.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: ___/s/___ *Viviana I. Vasiu*
Arvind K. Lal, D.C. Bar No. 389496
Assistant United States Attorney
Viviana I. Vasiu, FL Bar No. 1011601
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530

*Attorneys for the United States of America*